IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MATT PETER GILBERTSON,       )
                             )
           Plaintiff         )
                             )
       v                     )   Case No. 1:23-cv-23244
                             )
ROYAL CARIBBEAN CRUISES, LTD.,)
a corporation, ATLANTIS EVENTS, INC., )
a corporation,               )
                             )
           Defendants        )

## COMPLAINT

Plaintiff Matt Peter Gilbertson, through his undersigned attorneys, for his Complaint against defendants Royal Caribbean Cruises, Ltd., a corporation, and Atlantis Events, Inc., a corporation, states as follows:

### COUNT I—ROYAL CARRIBEAN CRUISES, LTD (NEGLIGENCE)

1. Plaintiff Matt Peter Gilbertson is a citizen of Australia.

2. Defendant Royal Caribbean Cruises, Ltd. ("RCCL") is a corporation which has its principal place of business in Miami-Dade County, Florida and is a citizen of the state of Florida.

3. Defendant Atlantis Events, Inc.("Atlantis") is, upon information and belief, a corporation incorporated in the State of California and is a citizen of that State.

4. The matter in controversy exceeds $75,000.

5. This Court has subject matter jurisdiction over this action under 28 U.S.C.§1332(a)(2).

6. This Court has personal jurisdiction over defendant RCCL as this defendant is a resident of the State of Florida.

7. This Court has personal jurisdiction over defendant Atlantis because defendant Atlantis conducts business in the State of Florida sufficient to subject it to the jurisdiction of the courts of this State. Also, plaintiff's cause of action against defendant Atlantis arises from defendant Atlantis' conduct of business in this State and its commission of tortious acts in this State.

8. Venue is proper in this district under 28 U.S.C. §1391(b) as the defendant is a resident of this district.

9. Plaintiff is an internationally-recognized and acclaimed entertainer whose unique skill set includes playing musical instruments, dancing, singing and performing comedy; and who performs under the persona "Hans the German." Among his many awards, plaintiff was a quarter-finalist on the "America's Got Talent" competition in the 2018 series and a grand finalist on the "America's Got Talent-Champions" competition in the 2020 series.

10. Defendant RCCL is the owner of a cruise ship *The Odyssey of the Seas* ("the ship") which has its home port in Port Everglades, Florida and, at all times relevant hereto, operated the ship.

11. Defendant RCCL, through its d/b/a Royal Caribbean, International, ("RCI") at all times relevant hereto, and in addition to operating the ship, separately arranged, with defendant Atlantis, for plaintiff to provide entertainment to the ship's passengers during the subject voyage.

12. In its capacity as RCI, defendant RCCL was not acting as the operator of the ship, but as the entity which arranged for the providing of entertainment to the ship's passengers.

13. Prior to August 25, 2022, defendant RCCL, through its d/b/a RCI, arranged with defendant Atlantis, for plaintiff to perform and provide entertainment to guests of the ship during its cruise. Defendant RCCL, through its d/b/a RCI, knew or reasonably should have known, specifically, that plaintiff was to provide his hour-long cabaret show on a stage at the Royal

Theatre on the ship and that plaintiff's performance was to involve plaintiff ascending to, and descending from, the stage at specified times during plaintiff's performance by means of three hydraulic lifts opening into the stage floor and constructed and maintained by defendant. These hydraulic lifts were operated by employees or agents of defendant RCCL under the supervision of defendant RCCL pursuant to training and instruction provided by defendant RCCL.

14. Prior to and on August 25, 2022, and at all times relevant hereto, defendant RCCL owed plaintiff a duty to use reasonable care in operating the hydraulic lifts on the ship during plaintiff's performance and in otherwise providing stage services for plaintiff's performance so as not to cause injury to plaintiff, and generally to ensure plaintiff had a safe environment in which to perform, including ensuring that the hydraulic lifts on the ship were safely operated during plaintiff's performance.

15. Defendant RCCL breached its duty of care owed to plaintiff through one or more of the following negligent acts or omissions:

>  (a) negligently failed to ensure that all the stage flooring openings for the hydraulic lifts were closed once plaintiff had ascended to the stage,
> 
>  (b) negligently failed to close all the stage flooring openings for the hydraulic lifts once plaintiff had ascended to the stage,
> 
>  (c) negligently allowed a part of the openings in the stage flooring for one or more of the hydraulic lifts to remain open during plaintiff's performance,
> 
>  (d) negligently failed to warn plaintiff that a part of the stage flooring remained open after he had ascended to the stage during his performance,
> 
>  (e) negligently failed to instruct their employees and agents as to the operation of the hydraulic lifts for the stage during plaintiff's performance,
> 
>  (f) negligently supervised their employees and agents in the operation of the hydraulic lifts for the stage during plaintiff's performance,

    (g) negligently hired and failed to train and instruct their employees and agents in the operation of the hydraulic lifts for the stage during plaintiff's performance,

    (h) otherwise negligently breached its duty of care owed to plaintiff.

16. On August 25, 2022, as the direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendant RCCL, plaintiff was performing on the said stage on the ship when he fell through flooring of the stage which was left open after a hydraulic lift had been operated.

17. As the further direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendant RCCL, plaintiff was caused to fall approximately thirteen feet to the floor of the ship below the stage, causing him to suffer grievous injuries, including multiple serious fractures of his leg and back and psychological injuries. Plaintiff was hospitalized and underwent surgeries and has incurred scarring and disfigurement and suffers from disability. He has incurred substantial medical expense and will require additional prolonged medical treatment and rehabilitation at additional substantial expense.

18. As the further direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendant RCCL and plaintiff's resulting incapacitating injuries, plaintiff has been unable to work and perform as an entertainer, resulting in a significant loss of income. Plaintiff's performance is very physically demanding, and includes dancing and jumping and playing the piano accordion, and this occurrence has impaired, and will permanently impair, his ability to perform his show in the future, resulting in an additional and continuing significant loss of income. Further, plaintiff's ability to carry out his performing duties will in any event be curtailed by a significant number of years due to the early onset of degenerative changes due to the injuries sustained.

19. Plaintiff also has suffered serious mental anguish and psychological injuries of a permanent nature requiring continuing treatment at further substantial expense.

WHEREFORE, plaintiff Matt Peter Gilbertson, through his undersigned attorneys, prays for the entry of a judgment in his favor against defendant Royal Caribbean Cruises, Ltd. for damages, together with costs, interest, and such other amounts as may be allowed by law.

## COUNT II—ATLANTIS EVENTS, INC (NEGLIGENCE)

20. Plaintiff realleges paragraphs 1-11 above and incorporates them by reference.

21. Prior to August 25, 2022, defendant Atlantis arranged with defendant RCCL through its d/b/a RCI, for plaintiff to perform and provide entertainment to guests of the ship during its cruise. Defendant Atlantis knew or reasonably should have known, specifically, that plaintiff was to provide his hour-long cabaret show on a stage at the Royal Theatre on the ship and that plaintiff's performance was to involve plaintiff ascending to, and descending from, the stage at specified times during plaintiff's performance by means of three hydraulic lifts opening into the stage floor.

22. Prior to and on August 25, 2022, and at all times relevant hereto, defendant Atlantis owed plaintiff a duty to use reasonable care in ensuring that the hydraulic lifts on the ship were safely operated during plaintiff's performance and that the stage services for plaintiff's performance were provided so as not to cause injury to plaintiff, and generally to ensure plaintiff had a safe environment in which to perform.

23. Defendant Atlantis breached its duty of care owed to plaintiff through one or more of the following negligent acts or omissions:

> (a) negligently failed to ensure that all the stage flooring openings
> for the hydraulic lifts were closed once plaintiff had ascended
> to the stage,

(b) negligently failed to close all the stage flooring openings for the hydraulic lifts once plaintiff had ascended to the stage,

(c) negligently allowed a part of the openings in the stage flooring for one or more of the hydraulic lifts to remain open during plaintiff's performance,

(d) negligently failed to warn plaintiff that a part of the stage flooring remained open after he had ascended to the stage during his performance,

(e) negligently failed to instruct operators as to the operation of the hydraulic lifts for the stage during plaintiff's performance,

(f) negligently supervised the operation of the hydraulic lifts for the stage during plaintiff's performance,

(g) negligently hired and failed to train and instruct operators in the operation of the hydraulic lifts for the stage during plaintiff's performance,

(h) otherwise negligently breached its duty of care owed to plaintiff.

24. On August 25, 2022, as the direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendant Atlantis, plaintiff was performing on the said stage on the ship when he fell through flooring of the stage which was left open after a hydraulic lift had been operated.

25. As the further direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendant Atlantis, plaintiff was caused to fall approximately thirteen feet to the floor of the ship below the stage, causing him to suffer grievous injuries, including multiple serious fractures of his leg and back and psychological injuries. Plaintiff was hospitalized and underwent surgeries and has incurred scarring and disfigurement and suffers from disability. He has incurred substantial medical expense and will require additional prolonged medical treatment and rehabilitation at additional substantial expense.

26. As the further direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendant Atlantis and plaintiff's resulting incapacitating injuries, plaintiff

has been unable to work and perform as an entertainer, resulting in a significant loss of income. Plaintiff's performance is very physically demanding, and includes dancing and jumping and playing the piano accordion, and this occurrence has impaired, and will permanently impair, his ability to perform his show in the future, resulting in an additional and continuing significant loss of income. Further, plaintiff's ability to carry out his performing duties will in any event be curtailed by a significant number of years due to the early onset of degenerative changes due to the injuries sustained.

27. Plaintiff also has suffered serious mental anguish and psychological injuries of a permanent nature requiring continuing treatment at further substantial expense.

**WHEREFORE**, plaintiff Matt Peter Gilbertson, through his undersigned attorneys, prays for the entry of a judgment in his favor against defendant Atlantis Events, Inc. for damages, together with costs, interest, and such other amounts as may be allowed by law.

Dated: 8/24/23

**Silva & Silva, P.A.**

*Local counsel for Plaintiffs*
236 Valencia Ave.
Coral Gables, Florida 33134
Tel: (305) 445-0011
Fax: (305) 445-1181
Email: playne@silvasilva.com
Secondary Email: jalvarez@silvasilva.com

By: */s/ Paul Jon Layne*
**Paul Jon Layne, Esq.**
**Florida Bar No. 23558**