UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-23244-ALTONAGA/REID

MATT PETER GILBERTSON,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD., *et al.*,

    Defendants.
_____/

## ORDER FOLLOWING DISCOVERY HEARING

This cause is before the Court on Plaintiff's Motion to Compel. [ECF No. 54]. The undersigned held a discovery hearing on April 10, 2024. [ECF Nos. 50–52]. The Court has considered the record and the parties' arguments regarding Plaintiff's request for witness statements, incident reports, and photographs stemming from Defendants' discovery responses. It is therefore **ORDERED AND ADJUDGED** as follows:

Plaintiff's motion to compel the witness statements is denied without prejudice to renew, if necessary. The undersigned has reviewed *in camera* the documents referenced in Defendant Royal Caribbean Cruises' privilege log. The Court finds that the handwritten witness statements at issue authored by Mark Percival, Brian Nash, Nicholas Li, Muhammad Hafiz Bin Roslan, Lucas Ghisalberti, Ashlee Philpott, and Jamal Gallender were prepared in anticipation of litigation and are therefore protected by the work product doctrine. "A witness statement taken by a party's attorney or agent in anticipation of litigation is protected work product." *Bridgewater v. Carnival Corp.*, 286 F.R.D. 636, 644 (S.D. Fla. 2011) (citing *United States v. Chatham City Corp.*, 72 F.R.D. 640, 642 (S.D. Ga. 1976). *See also Meyer v. NCL (Bahamas), Ltd.*, 16-23238-CIV, 2017 WL

1

3396410, at *4 (S.D. Fla. Aug. 8, 2017) (same). Likewise, the reports prepared by Security Officer Dinesh Chettupotula, RCL Risk Management and Legal Department, Security Officer, and Igor Sekula, were prepared in anticipation of litigation as part of Defendant's investigation of the subject incident and are protected by the work product privilege for the reasons set forth in the privilege log. Courts in this district have held that the work product privilege protects incident reports. *See Meyer*, 2017 WL 3396410, at *2 (listing cases).

Nevertheless, factual work product may be discoverable if Plaintiff can establish "substantial need" and the inability to otherwise obtain substantially equivalent evidence "without undue hardship." *Barham v. Royal Caribbean Cruises, Ltd.*, No. 20-22627-CIV, 2022 WL 4465407, at *5 (S.D. Fla. Sept. 26, 2022). The undersigned finds that Plaintiff's request is premature because Plaintiff has not specified any efforts made to obtain substantially equivalent evidence and has stated only that the evidence is necessary to cross-examine these witnesses during their depositions. It is well established that the mere possibility that the statements may have impeachment value does not demonstrate substantial need. *Hickman v. Taylor*, 329 U.S. 495, 513 (1947).

If Defendant has not already done so, Defendant shall provide Plaintiff with a brief notice identifying (on a witness-by-witness basis) which witnesses are employed by Defendant and which ones are not. For those witnesses who are current employees, Defendant shall disclose when their current contract ends, if there is a possibility of them returning for a renewed contract, and, if so, when the renewed contract is expected to begin. For those witnesses who are not current employees, Defendant shall disclose whether the witness is expected to return on a new contract and, if so, when. Finally, for those witnesses who are not employees, Defendant shall provide that

witness's most recent contact information, including cell phone number, email address, actual residence, and any social media contact that isa known to the Defendant.

If Plaintiff wishes to renew his substantial need argument with specific information about his efforts to contact the witnesses or to schedule depositions, then Plaintiff may contact my Chambers to set this matter for a follow-up discovery hearing. Prior to contacting Chambers to request a hearing, the parties shall engage in a good faith conferral pursuant to Southern District of Florida Local Rule 7.1(a)(3).

**SIGNED** this 16th day of April, 2024.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:   **Chief U.S. District Judge Cecilia M. Altonaga**; and

**All Counsel of Record**